

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0284 | DATE | July 27, 2000 |
| CASE TITLE | James E. Washington, #50434-112 vs. First Chicago Bank, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the petition for a writ of mandamus is denied. The case is terminated. The parties are to bear their own costs. The court does not deem this dismissal a "strike" against the plaintiff under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 31 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/27/00 date mailed notice | |
| | courtroom deputy's initials mjm | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| JAMES E. WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 00 C 0284 |
| v. ) | |
| ) | U.S. District Judge |
| OFFICE OF THE COMPTROLLER, ) | William T. Hart |
| OF THE CURRENCY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

The petitioner, a federal prisoner, has brought this *pro se* mandamus action purportedly pursuant to 5 U.S.C. § 552. The petitioner claims that the respondent, the Office of the Comptroller of the Currency, violated the Freedom of Information Act by failing to respond in a timely manner to the petitioner's requests for information.[1] The respondent has filed a brief opposing the petition for a writ of mandamus and the petitioner has filed his reply.

Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This grant of jurisdiction, however, has been substantially limited in scope under the decisions of this court. Specifically, this circuit has recognized that mandamus is an "extraordinary remedy" and, as such, may be invoked only

---

[1] By Minute Order of April 4, 2000, the court on its own motion dismissed the petition as to First Chicago Bank a/k/a Bank One pursuant to 28 U.S.C. § 1915(e)(2)(B) because the bank is not a federal officer or agency.

19

when there is: (1) a clear right in the petitioner to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy available. *Banks v. Sec. of the Indiana Family and Social Services Admin.*, 997 F.2d 231, 244-45 (7th Cir.1993); *Scalise v. Thornburg*, 891 F.2d 640, 648 (7th Cir. 1989), *cert. denied*, 494 U.S. 1083 (1990). The judiciary cannot compel a federal official to perform any function through a writ of mandamus unless the official is clearly directed by law to perform such a duty. *Id.*

## FACTS

The petitioner, James Washington, is a federal prisoner. Mr. Washington is confined at the United States Penitentiary in Florence, Colorado. The respondent is the Office of the Comptroller of the Currency.

According to the petition, on December 29, 1996, and February 25, 1997, Washington mailed requests for information to First Chicago Bank. Specifically, Washington sought the name of the bank's insurer for a robbery that had occurred in April 1995. Washington apparently suspects that the bank was not properly insured at the time of the robbery; he seems to maintain that he therefore may have been convicted of robbing a federally insured banking facility based on false evidence. The bank failed to respond to Washington's letters.

On October 13, 1999, Washington made a renewed request under the Freedom of Information Act [hereinafter, "F.O.I.A."]. Again, the bank did not respond.

On November 11, 1999, Washington mailed the same F.O.I.A. request to the bank's federal regulator, the respondent Comptroller. The federal agency likewise failed to respond to the petitioner's request within the twenty days mandated by F.O.I.A.

Washington filed the instant petition for a writ of mandamus on January 14, 2000.

The Comptroller finally responded to Washington's F.O.I.A. request on June 12, 2000. According to the response, Washington's request was not received until May 30, 2000. The agency reported that it was "unable to locate any documents providing information as to the Blanket Bond Insurer" for Bank One/First Chicago Bank.

## DISCUSSION

The respondent maintains that the petitioner failed to exhaust administrative remedies prior to seeking relief. However, according to 5 U.S.C. 552(a)(6)(C), "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." The respondent notes that the eventual response to the petitioner's F.O.I.A. request advises him of the option to appeal to the Comptroller's disclosure officer. But at the time the petitioner filed suit, he had received no response whatsoever and therefore had no option of appealing.

Nevertheless, despite the fact that the agency may have tarried in responding to the petitioner's F.O.I.A. request, the eventual response renders the mandamus petition moot. *Accord, Forrester v. I.R.S.*, 1981 WL 1822, **1 (S.D. N.Y. 1981) (mandamus action mooted

by respondent's compliance with F.O.I.A. request); *see also Johnson v. Veterans Admin.*, No. 95 C 4909, 1995 WL 745955, **2 (N.D. Ill. December 12, 1995): "Once an agency releases documents responsive to a F.O.I.A. request, subject matter jurisdiction over a F.O.I.A. claim becomes moot;" *relying on DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984); *Matter of Wade*, 969 F.2d 241, 248 (7th Cir. 1992). Producing the documents nullifies the plaintiff's legally cognizable interest in the outcome of the lawsuit. *Wade*, 969 F.2d at 248. There is simply no reason for the court to order the Office of the Comptroller to respond to the petitioner's F.O.I.A. request when the agency has already done so. If the petitioner is unsatisfied with his response, of course, he may appeal the matter to the agency's disclosure officer. But the respondent cannot be required to turn over documents not in its possession.

The only question is whether the petitioner is entitled to damages under F.O.I.A. for the delay. It should again be noted that the Comptroller reports that it did not receive the petitioner's request until May 30, 2000. But even assuming *arguendo* that the respondent failed to comply with F.O.I.A. deadlines, the court finds as a matter of law that the petitioner is not entitled to monetary relief. The mandamus statute, 28 U.S.C. § 1361, merely gives the court power to compel federal agencies and officers to perform a duty; it does not provide for recovery of damages. The petitioner advances several other grounds for recovery, but none of them are sustainable. The petitioner is not entitled to damages under the Bank Protection Act of 1968 (12 U.S.C. § 1884 *et seq.*), the Freedom of Information Act (5 U.S.C. § 552), or the Constitution.

The Bank Protection Act does not create a private cause of action. *See Sadler v. Citibank*, 947 F.2d 642, 643-44 (2nd Cir. 1991). Thus, even if the Comptroller has failed to ensure First Chicago/Bank One's compliance with federal banking laws and regulations, the petitioner is not personally entitled to $100 a day for alleged violations of its provisions, as he argues. Nor can the petitioner, in the context of this mandamus action, mount a collateral attack against his conviction on the basis that he was improperly found guilty of robbing a federally insured bank.

The Freedom of Information Act likewise does not authorize monetary damages. *See, e.g., McClain v. U.S. Dept. of Justice*, No. 97 C 0385, 1999 WL 759505 (N.D. Ill. Sep. 1, 1999); *see also Duffy v. U.S.*, No. 87 C 10826, 1991 WL 98963, **14 (N.D. Ill. 1991), *aff'd*, 966 F.2d 307 (7th Cir. 1992): "Federal courts consistently hold that money damages are not available under the F.O.I.A."

The petitioner also characterizes the denial of his F.O.I.A. request as a constitutional violation. Inmates claiming that federal officials violated their constitutional rights can sue for damages directly under the Constitution. *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971); 28 U.S.C. § 1331. But the respondent's non-adherence to the Freedom of Information Act does not rise to the level of either a violation of the petitioner's due process rights or his right to equal protection. Statutory breaches are not equivalent to constitutional violations.

For that matter, the court cannot discern what actual damages the petitioner sustained as a result of the delay. He cites no legal case that has been prejudiced, no inability to use the

5

information at this time, no costs incurred by the delay. The plaintiff cannot recover for the purported "mental anguish for suffering and the stress which has been placed on this petitioner because of their dilatory act." *See* plaintiff's reply brief, p. 14. The Prison Litigation Reform Act dictates that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). Even broadly construing the *pro se* petition as seeking relief under any theory, the court is unpersuaded that the petitioner is entitled to monetary damages.

In sum, Mr. Washington's petition for a writ of mandamus is moot because the respondent ultimately provided a response to his request for information under the Freedom of Information Act. Because the petitioner has failed to show that he is entitled to damages for the allegedly wrongful delay, the request for relief must be denied in its entirety.

For all of the foregoing reasons, the petition for a writ of mandamus must be denied and the case must be dismissed. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C); *Hyche v. Christensen*, 170

F.3d 769, 771 (7th Cir. 1999). If the plaintiff does choose to appeal, he will be liable for the $105 appellate filing fee irrespective of the outcome of the appeal. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may accumulate a "strike." [Because the petitioner legitimately filed suit to compel compliance with his F.O.I.A. request, this dismissal will not count as a strike.]

IT IS THEREFORE ORDERED that petition for a writ of mandamus is denied. The case is terminated. The parties are to bear their own costs.

ENTER:

Dated:

July 27, 2000

WILLIAM T. HART
United States District Judge